USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE "A MILLION LITTLE PIECES" LITIGATION | 06 cv 1771<br>No. 06-md-1771<br>Hon. Richard J. Holwell |

## FINAL JUDGMENT AND ORDER

The Motion of Plaintiffs Jennifer Cohn, Jimmy Floyd, Jill Giles, Diane Marolda, Pilar More, Stuart Oswald, Shera Paglinawan, Michele Snow, and Ann Marie Strack, Marcia Vedral ("Plaintiffs"), for final approval of their class action settlement with all defendants, including defendants Random House, Inc. and James Frey ("Defendants"), came on for hearing on November 2, 2007 at 10:00 a.m. in Room 17B of the federal court house building located at 500 Pearl Street, New York, New York.

On May 15, 2007, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement reached among Plaintiffs, on their own behalf and on behalf of the Settlement Class (as defined below), counsel for Plaintiffs, and Defendants, as memorialized in the Settlement Agreement.

On November 2, 2007, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning Plaintiff's motion,

**IT IS HEREBY ORDERED THAT:**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 and 1332 and has personal jurisdiction pursuant to 28 U.S.C. § 1407 over the Plaintiffs, Defendants, and the members of the Settlement Class.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arms-length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Any objections which were filed, timely or otherwise, have been considered and are overruled. Therefore, all members of the Settlement Class who have not opted out are bound by this Final Judgment and Order.

## Class Certification

4. The provisionally certified class (the "Settlement Class") is now finally certified pursuant to Rule 23(b)(3):

> All persons all persons who purchased the book A Million Little Pieces, in any format (including, but not limited to, in hardback, trade paperback, cassette, CD, or any other electronic media), on or before January 26, 2006.

5. The certification of the Settlement Class is non-precedential and without prejudice to Defendants' rights under the Settlement Agreement if the Settlement Agreement and this Final Judgment and Order do not become effective as provided in the Settlement Agreement.

## Class Notice

6.  Class Notice was given by first-class mail to certain Settlement Class Member on June 19, 2007, and Class Notice was given by publications made in various media between June 24, 2007 and July 1, 2007. In addition, Class Notice was published on the websites of Random House, Inc. (www.randomhouse.com), Big Jim Industries, Inc. (www.bigjimindustries.com), Brodsky & Smith, LLC (www.brodsky-smith.com) and on June 13, 2007 a separate website was established and maintained by the Settlement Administrator.

7.  The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

8.  One objection was purportedly filed with the Court by Objector Connie Pentz which was not docketed. This objection was withdrawn prior to the Fairness Hearing.

9.  A total of one (1) person has validly requested exclusion from the Settlement Class. Class Member E. Peters has validly opted out of the settlement.

## CAFA Notice

10.  In compliance with the notice provision of the Class Action Fairness Act, 28 U.S.C. § 1715, each Defendant served timely notice of the settlement to the appropriate federal and state officials, and therefore the settlement is fully enforceable against all Settlement Class Members (except those who have opted out).

## Class Compensation

11. Defendants shall provide the Class Compensation set forth in the Settlement Agreement on the timetable provided in the Settlement Agreement.

## Releases

12. Plaintiff and each Settlement Class Member are determined to have given the releases described in the Settlement Agreement.

## Cy Pres Distribution

13. The Court approves the following charities (with their websites listed in parenthesis) to receive cy pres contributions pursuant to the Settlement Agreement: First Book (www.firstbook.org), Hazelden (www.hazelden.org), and Reach Out and Read of Greater New York (www.reachoutandreadnyc.org). The Court orders the cy pres fund provided for in Paragraph 8 the Settlement Agreement to be divided equally between these three charities.

## Award of Attorneys' Fees, Costs, and Incentive Award

14. The application for attorneys' fees and costs by Co-Class Counsel, Larry D. Drury, Ltd. and Brodsky & Smith, LLC, is hereby granted in the amount of $783,333.33 in attorneys' fees and costs in the amount of $14,800.94, finding that such fees and costs are fair and reasonable, and sufficiently supported. Class Counsel shall allocate and distribute the fees and costs amongst Plaintiffs' counsel as they deem appropriate.

15. The Court grants Class Counsel's application for an incentive award to each class representative, Marcia Vedral and Michelle Snow, and to the Named Class Settlement Plaintiffs, per the terms of the Settlement Agreement, in the amount of

$1,500.00, finding that such a payment is justified by each class representative's service to the Settlement Class.

### Other Provisions

16. All lawsuits consolidated and transferred to this Court by order dated June 14, 2006 of the Judicial Panel of Multidistrict Litigation, are dismissed with prejudice as to Plaintiffs and all members of the Settlement Class (except that the dismissal is without prejudice as to Settlement Class Members who have obtained proper and timely exclusion from the Settlement Class), without fees or costs except as provided above.

17. This Court retains continuing jurisdiction over this action, Plaintiff, Defendants, and all members of the Settlement Class to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

18. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19. In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendants withdraw from the Settlement Agreement; (iii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order do not for any reason become effective; or (iv) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) the instant action shall proceed as though the

Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if the parties to the Settlement Agreement agree to jointly appeal a ruling disapproving the Settlement Agreement and the Settlement Agreement is upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect according to their terms. In the event the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Judgment and Order shall be void and shall be deemed vacated. Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrine of res judicata and/or collateral estoppel shall not be applied.

20. Neither the Settlement Agreement, this Final Judgment and Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

IT IS SO ORDERED.

Dated: December 4, 2007        BY THE COURT:

_____
Judge Richard J. Holwell
USDJ